# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAMELA A. POPEJOY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BAE SYSTEMS, INC. | § | SA-09-CV-0616 XR |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO: Honorable Xavier Rodriguez
     United States District Judge

This report and recommendation recommends transferring this case to the District of Maryland. Previously, the district judge referred to me plaintiff Pamela A. Popejoy's motion to proceed *in forma pauperis* (IFP).[1] In considering the motion, I observed that Popejoy filed her case in the wrong district. I asked Popejoy for additional information concerning her claim.[2] Popejoy provided additional information.[3]

**Popejoy's claims**. Popejoy complains about unlawful gender discrimination under title VII and a violation of the Equal Pay Act. Popejoy named her former employer, BAE Systems, Inc., as defendant. Popejoy's proposed complaint appears to name a second defendant—the Human Terrain System (HTS)—but the HTS is not an employer. The HTS is an Army program which embeds social scientists with combat brigades to assist the government in understanding

---

[1]Docket entry # 1.

[2]Docket entry # 2.

[3]Docket entry # 3.

foreign countries and regions prior to an engagement within that region.

Popejoy alleges that BAE Systems hired her as a social scientist for the HTS in Afghanistan. She explained that she trained for the HTS at Fort Leavenworth, Kansas, and planned to deploy to Afghanistan after she completed her training. She stated that before deploying she learned that male social scientists were paid more than she was and that she complained about the pay disparity. She alleges that she was terminated because she complained about getting paid less than her male counterparts.

**Whether Popejoy filed her case in the proper judicial district**. A case based on federal law like title VII or the Equal Pay Act may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."[4] Popejoy's proposed complaint contains no factual allegations implicating Texas. Although Popejoy was hired when she resided in Texas, her allegations occurred in other states. She first spoke with a BAE hiring authority located in Hampton, Virginia;[5] sent an electronic job application to BAE headquarters in Rockville, Maryland;[6] received a hiring letter from BAE Human Resources located in Huntsville, Alabama;[7] was trained at Fort Leavenworth, Kansas;[8]

---

[4]28 U.S.C. § 1391(b).

[5]*See* docket entry # 3.

[6]*Id*.

[7]*Id*.

[8]*Id*.

2

obtained approval for personal leave from BAE headquarters in Maryland;[9] and received a termination letter from BAE Human Resources in Alabama.[10] Popejoy asserts that she complained to a BAE program manager and a BAE manager about pay disparity,[11] but she did not identify where those communications took place. The locations of these events indicates that this case can be brought in the District of Maryland because that is the judicial district where BAE is headquartered, and possibly in the Northern District of Alabama because that is the judicial district which communicated the hiring and firing decisions.

**Recommendation**. Popejoy's allegations indicate that the events giving rise to her claim occurred in more than one judicial district, but I recommend transferring this case to the District of Maryland because BAE is headquartered in Maryland. I do not recommend transferring the case to the Northern District of Alabama because it is unlikely that BAE Human Resources made the decision to hire or terminate Popejoy. It is more likely that Human Resources only communicated the hiring and firing decisions. Once this case is transferred, the proper judicial district can rule on Popejoy's motion to proceed IFP.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days

---

[9]*Id*.

[10]*Id*.

[11]*See* Popejoy's charge of discrimination.

after being served with a copy of same, unless this time period is modified by the district court.[12] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[13] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[14]

**SIGNED** on August 19, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[12] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[13] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

4